Steven Tindall (SBN 187862)
Jeffrey Kosbie (SBN 305424)
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
smt@classlawgroup.com

Rosa Vigil-Gallenberg (SBN 251872)
GALLENBERG PC
800 S. Victory Blvd Suite 203
Burbank, CA 91502
Telephone: (818) 237-5267
Facsimile: (818) 330-5266
Rosa@GallenbergLaw.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STACI GILMAN,** *individually and as representative of the class,* **Plaintiff,** *v.* **THE VONS COMPANIES, INC., VONS SHERMAN OAKS, LLC,** **Defendants.** | Case No. _____ CLASS ACTION COMPLAINT AND **DEMAND FOR A JURY TRIAL** (1) Violation of 15 U.S.C. § 1681b(b)(2)(A)(i) (Fair Credit Reporting Act); and (2) Violation of California Civil Code § 1786 *et seq.* (Investigative Consumer Reporting Agencies Act) |

Plaintiff Staci Gilman, on behalf of herself and the proposed class set forth below ("Plaintiff"), by and through her attorneys, Gallenberg PC and Gibbs Law Group LLP, bring this class action complaint against The Vons Companies, Inc. (referred to in this Complaint as "Vons"), and Vons Sherman Oaks, LLC (referred to jointly in this Complaint as "Defendants").

## **INTRODUCTION**

1.    This putative class action is brought pursuant to the Fair Credit Reporting Act ("FCRA") and applicable California laws. Defendants routinely violated the FCRA's core protections by procuring or causing to be procured consumer and/or investigative consumer reports, as those terms are defined by the FCRA (herein referred to collectively as "background report(s)" or "consumer report(s)"), on employees and job applicants without making a legally required stand-alone disclosure.

2.    Using the services of a third party, Vons routinely obtains and relies on the information in the consumer report to evaluate prospective and current employees.

3.    Given the determinative role that consumer reports can play regarding an applicant's employment prospects, employers are required to ensure that all applicants are aware of the employer's intention to procure a background check.

4.    Specifically, the FCRA provides that an employer or prospective employer cannot "procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless . . . a clear and conspicuous

disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes.*"   15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added).

5.     Courts have held that the FCRA contains a narrow exception allowing only for an authorization for the procurement of the consumer report.  Inclusion of any additional information is a willful violation of the FCRA.  *See Syed v. M-I, LLC*, 853 F.3d 492, 500-01 (9th Cir. 2017).

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question.

7.     Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law claims because the state law claims are so related to the FCRA claims that they form part of the same case or controversy.

8.     Venue is proper in this District because Defendants transact business in this district; a substantial part of the events or omissions giving rise to the claims took place in this District, and a related case was filed in this District.  *See Drew v. The Vons Companies, Inc., et al.*, Case No. 8:20-cv-00347 (C.D. Cal. Feb. 20, 2020).

9.     Additionally, venue is proper in this District because Defendant Vons Sherman Oaks, LLC, has its principal place of business in Fullerton, California, which is part of this District.

## PARTIES

*Plaintiff*

### *Ms. Staci Gilman*

10.    Plaintiff Staci Gilman ("Ms. Gilman") is a resident of San Diego, California.

11.    In or about August 2019, Ms. Gilman applied to work at Vons.

12.    Shortly thereafter, Ms. Gilman began working as a Pharmacy Technician for Vons.

13.    Ms. Gilman was not aware that, when she applied to work at Vons, she was signing an authorization for Vons to procure consumer reports. Ms. Gilman did not understand and/or was confused by Vons's disclosure form.

14.    Ms. Gilman worked for Vons in San Diego, California.

### *Defendants*

15.    Defendant The Vons Companies, Inc., is a leading food and drug retailer with approximately 200 locations in California.

16.    Defendant Vons Sherman Oaks, LLC is an Oregon limited liability company and is a subsidiary of The Vons Companies, Inc. Vons Sherman Oaks, LLC has its principal place of business in Fullerton, California.

17.    Vons oversees the hiring process of all of their locations and requests background checks on behalf of potential employees, including Ms. Gilman.

## FACTS

*Vons's Failure To Make A Proper Disclosure In Violation Of The FCRA*

Class Action Complaint
-4-

18.     Plaintiff Gilman completed Vons's standard documents relating to her anticipated employment.  The job application included a disclosure/authorization to conduct a background check sandwiched in the middle of the job application.

19.     Vons's authorization, found within the job application, causes a background check to be procured by a third-party company.

20.     The page where the disclosure is found contains information regarding how an applicant may contact the consumer reporting agency and what kind of information an applicant may request, in violation of *Walker v. Fred Meyer, Inc.*, No. 18-35592, 2020 WL 1316691 (9th Cir. March 20, 2020).

21.     This information cannot reasonably be deemed part of a disclosure.  *See Walker*, 2020 WL 1316691, at *7.

22.     In addition, the disclosure is not contained in a document consisting solely of the disclosure.  Instead, the disclosure is unlawfully sandwiched in the middle of a multi-page job application packet which contains extraneous information about an applicant's job history, education, and skills, among other information.

23.     For example, the application packet containing the disclosure and authorization for the procurement of the consumer report includes a "Release and Acknowledgement" section which includes a release of liability waiver.  The applicant is required to sign that page in order to submit the job application to Vons.

24.     The inclusion of the liability release provisions in the same document as the disclosure violates the FCRA.

25.     The application packet with Vons's disclosures also included information about state investigative consumer reports, in direct violation of *Gilberg v. Cal. Check Cashing Stores, LLC,* 913 F.3d 1169, 1175 (9th Cir. 2019).

26.     Notably, Vons's job application packet demands that the applicant agree to a release of liability in exchange for the applicant agreeing to be subjected to a background check and as a condition of submitting the job application packet containing the disclosure.

27.     Despite their failure to provide applicants, including Plaintiff Gilman, with the required stand-alone disclosure, Vons subsequently procured a consumer report, or caused a consumer report to be procured on Plaintiff and the putative Class Members.

28.     Plaintiff Gilman completed and executed Vons' hiring documents containing the unlawful background check disclosure/authorization.

29.     Plaintiff Gilman was not aware that she was signing an authorization for Vons to procure consumer reports.  Plaintiff did not understand and/or was confused by Vons's disclosure forms.

30.     Plaintiff was deprived of her ability to meaningfully authorize Vons to procure consumer reports.

31.     By procuring consumer reports containing Plaintiff's private information without first complying with the FCRA's disclosure requirements, Vons violated Plaintiff's rights to information and privacy.  *See Syed*, 853 F.3d at 499.

***Facts Relating to Vons's Willful, Systematic and Repeated FCRA Disclosure Violations***

32.     Similar to how it treated Plaintiff Gilman, Vons, through the services of a third party, conducts background checks on other job applicants as part of its standard screening process.

33.     Vons relies on consumer reporting agencies to obtain this information and report it.  These reports constitute "consumer reports" for purposes of the FCRA.

34.     The application documentation completed by applicants does not contain a clear and conspicuous written disclosure to the consumer, in a document that consists solely of the disclosure, that a consumer report may be obtained by Vons for employment purposes, but Vons routinely requests and procures reports from a third party about applicants and employees in spite of this fact.

35.     For example, the application includes a liability waiver in the same document as the disclosure form.

36.     The language of the FCRA with respect to the stand-alone disclosure requirement is clear.  *See* 15 U.S.C. § 1681b(b)(2)(A)(i).

37.     The Federal Trade Commission ("FTC") confirms that "[t]he inclusion of such a [liability] waiver in a disclosure form will violate [the FCRA], which requires that

a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes." *See* Exhibit A.

38.     Further, courts have routinely confirmed that the failure to include the stand-alone disclosure is a violation of the protection afforded to employees under the FCRA. *See Syed,* 853 F.3d at 496, 500 (holding the inclusion of a liability waiver on the same document as the FCRA disclosure violates the statute "in light of the clear statutory language that the disclosure document must consist 'solely' of the disclosure"); *Gilberg,* 913 F.3d at 1175 (holding the inclusion of state specific disclosures on the same document as the FCRA disclosure violates the statute).

39.     By systematically inserting a liability release, Vons willfully violated 15 U.S.C. § 1681b(b)(2)(A).

**Vons's Failure to Make A Proper Disclosure In Violation Of The ICRAA**

40.     Vons is a "person" as defined by § 1786.2(a) of the Investigative Consumer Reporting Agencies Act ("ICRAA").

41.     Plaintiff is a consumer within the meaning § 1786.2(b) of the ICRAA, because she is an individual.

42.     Section 1786.2(c) of the ICRAA defines "investigative consumer report" as: "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

43.     A background check, therefore, qualifies as an investigative consumer report under the ICRAA.

44.   Section 1786.16(a)(2) of the ICRAA provides, in relevant part:

> If, at any time, an investigative consumer report is sought for employment purposes . . . the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:
>
> *           *           *           *
>
> (B)   The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:
>
> (i) An investigative consumer report may be obtained.
>
> (ii) The permissible purpose of the report is identified.
>
> (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.
>
> (iv) Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.
>
> (v) Notifies the consumer in writing of the nature and scope of the investigation requested, including the provisions of Section 1786.22.
>
> (vi) Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.

(C)    The consumer has authorized in writing the procurement of the report.

45.    In evaluating Plaintiff for employment, Vons procured or caused to be procured investigative consumer reports (*e.g.* background checks), as defined by Cal. Civ. Code § 1786.2(c).

46.    Because the purported disclosures are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under the law.

## CLASS ACTION ALLEGATIONS

47.    Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 ("Rule 23").

48.    The proposed class is defined as follows:

> All of Defendants' current, former, and prospective applicants for employment in the United States who were the subject of a consumer report that was procured or caused to be procured by Vons without proper disclosure, during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

49.    Plaintiff reserves the right to amend or modify the class definition with greater specificity by further division into subclasses and/or by limitation to particular issues.

50.    The class action is maintainable under subsections (1), (2), (3) and (4) of Rule 23(a).

51.    Numerosity is met because the Class size is believed to be well over 40

members.  Vons regularly has consumer reports procured by a third party in order to evaluate employees and job applicants.  Further, Vons uses the information in the consumer reports to evaluate employees and job applicants.  The size and scale of Vons's operations ensure that the number of members in the class will be in the thousands.  The names and addresses of the Class members are available from Defendants' records.

52.    Common issues of law and fact exist as to all members of the Class.  The Plaintiff and the Class members were all individuals who applied to work for Vons and a background check was procured by a third party at the request of Vons.  The common issues of law and fact also include the following:

- Whether Vons procured or caused to be procured background checks on employees and job applicants;

- Whether Vons violated the FCRA by causing consumer reports to be procured without providing lawful disclosure;

- Whether Vons violations of the FCRA were willful;

- The proper measure of statutory and punitive damages; and

- The proper form of declaratory relief.

53.    These common questions of law and fact also predominate over any questions affecting only individual members.

54.    Plaintiff's claims are typical of the claims of other members of the Class because the FCRA violations suffered by Plaintiff Gilman are typical of that suffered by other Class members, and Vons treated Plaintiff Gilman consistent with other Class members in accordance with its standard policies and procedures.

55.    Plaintiff Gilman is able to fairly and adequately represent the interests of the Class and has no interest antagonistic to the Class.

56.    Class Counsel, Gallenberg PC and Gibbs Law Group LLP, are qualified, experienced class action litigators and are able to litigate the Plaintiff's and Class members' claims.

57.    Class Counsel is well experienced in both employment and class action cases.

58.    This class action is also maintainable under subsection (3) of Rule 23(b) because questions of law or fact common to Class members (*see supra* ¶ 52) predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

59.    Alternatively, the questions of law and fact common to the class may be certified for class action treatment separately from any questions affecting only individual members under Rule 23(c)(4) because resolution of those common questions will significantly advance the litigation.

### FIRST CAUSE OF ACTION
***Vons Violated the FCRA by Causing Consumer Reports to be Procured Without First Making a Proper Disclosure***
**15 U.S.C. § 1681b(b)(2)(A)(i)**
**(On behalf of Plaintiff individually and the proposed Class Members)**

60.    Plaintiff Gilman hereby re-alleges and incorporates the allegations set forth above.

61.     Defendants violated the FCRA by procuring or causing consumer reports to be procured on Plaintiff Gilman and other Class members without providing a clear and conspicuous disclosure in a document consisting solely of the disclosure.  *See* 15 U.S.C. § 1681b(b)(2)(A)(i).

62.     Defendants' conduct in violation of § 1681b(b)(2)(A) of the FCRA was and is willful.

63.     Defendants' willful conduct is reflected by the above paragraphs as well as the following:

   a.     Vons is a large corporation with access to legal advice;

   b.     Vons was founded before the FCRA was enacted in 1970 and they have therefore had more than 40 years to become compliant with the statute;

   c.     Defendants' conduct is inconsistent with the Federal Trade Commission's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute.  *See* Exhibit A; *see also Syed*, 853 F.3d at 500–01; *Gilberg*, 913 F.3d at 1175–76.

   d.     Despite the plain statutory text and there being a depth of guidance, Defendants adopted a policy of having consumer reports procured on their employees and job applicants without properly disclosing to them that the reports will be procured on them.

64.     Plaintiff Gilman and Class members are entitled to statutory damages of not less than $100 and not more than $1,000 for each one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

65.    Plaintiff Gilman and Class members are entitled to punitive damages of not less than $100 and not more than $1,000 for each one of these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

66.    Plaintiff Gilman and Class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

### SECOND CAUSE OF ACTION
*Vons Failed to Make Proper Disclosures Under the ICRAA*
**Cal. Civ. Code § 1786** *et seq.*
**(On behalf of Plaintiff individually)**

67.    Plaintiff Gilman hereby re-alleges and incorporates the allegations set forth above.

68.    Under the ICRAA, it is unlawful to procure or cause to be procured a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C).  The inclusion of the release and other extraneous information, therefore, violates § 1786.16(a)(2)(B) of the ICRAA.

69.    The plain language of the statute clearly indicates that the inclusion of extraneous information or a liability release in the same document as a disclosure violates the disclosure and authorization requirements of the ICRAA, because such a document would not consist "solely" of the disclosure.

70.     As alleged above with respect to the FCRA, Vons's violation of the ICRAA was and is willful.  Vons is a large corporation with access to legal advice, and the application included a purported authorization to perform investigative consumer reports which evidences Vons's awareness of and willful failure to follow the governing laws.

71.     Alternatively, Vons's violation of the ICRAA was grossly negligent or negligent.

72.     Defendants' conduct in violation of § 1786.16(a)(2)(B) of the ICRAA was and is willful and/or grossly negligent.

73.     Defendants acted in deliberate or reckless disregard of their obligations and the rights of Plaintiff.

74.     As a result of Vons's illegal procurement of background reports by way of their inadequate disclosures, as set forth above, Plaintiff has been injured by having her privacy and statutory rights invaded in violation of the ICRAA, among other injuries.

75.     Plaintiff, on behalf of herself individually, seeks all available remedies pursuant to Cal. Civ. Code § 1786.50, including but not limited to statutory damages and attorneys' fees and costs.

76.     In the alternative to Plaintiff's allegation that these violations were willful or grossly negligent, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1786.50(a), including but not limited to statutory damages and attorneys' fees and costs.

**WHEREFORE,** Plaintiff Gilman on behalf of herself and the Class, prays for relief and seeks an Order from the Court

(a)    Determining that this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)    Designating Plaintiff Gilman as class representative;

(c)    Designating Gallenberg PC and Gibbs Law Group LLP as Plaintiff's and Class members' counsel;

(d)    Awarding class representative Ms. Gilman a service payment;

(e)    Declaring that Defendants violated the FCRA and ICRAA;

(f)    Requiring that proper notice be sent to the class at Defendants' expense;

(g)    Declaring that Defendants acted willfully in deliberate or reckless disregard of Plaintiff's rights and Defendants' obligations under the FCRA and ICRAA;

(h)    Awarding statutory damages as provided by the FCRA;

(i)    Awarding all available relief provided by the ICRAA individually to Plaintiff;

(j)    Awarding reasonable attorneys' fees and costs as provided by the FCRA and ICRAA; and

(k)    Such other and further legal or equitable relief as this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiff demands a jury to hear and decide all issues of fact in accordance with Federal Rule of Civil Procedure 38(b).

1    Dated:  April 8, 2020                      _/s/ Rosa Vigil-Gallenberg_

2                                               Rosa Vigil-Gallenberg (SBN 251872)
3                                               **GALLENBERG PC**
                                                800 S. Victory Blvd., Suite 203
4                                               Burbank, CA  91502
                                                (818) 237-5267 (tel.)
5                                               (818) 330-5266 (fax)
                                                Rosa@GallenbergLaw.com
6
7                                               Steven Tindall (SBN 187862)
                                                Jeffrey Kosbie (SBN 305424)
8                                               **GIBBS LAW GROUP LLP**
                                                505 14th Street, Suite 1110
9                                               Oakland, CA 94612
                                                (510) 350-9700 (tel.)
10                                              (510) 350-9701 (fax)
                                                smt@classlawgroup.com
11                                              jbk@classlawgroup.com

12

13

14                                             _Attorneys for Plaintiff Staci Gilman_

15

16

17

18

19

20

21

22

23

24

25

26

27

28